**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**REGINALD A. DAY,**

                Plaintiff,

v.                                                                                                  Civil Action No. 2:07cv28

**U.S. DEPARTMENT OF THE NAVY,**
**MILITARY SEALIFT COMMAND,**
**AFLOAT PERSONNEL MANAGEMENT**
**CENTER,**

                Defendant.

**ORDER AND OPINION**

Currently before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim for which relief can be granted. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendants' motion to dismiss.

I.  Factual Background

The plaintiff, Reginald A. Day, is a civilian electronics technician employed by the United States Navy, Military Sealift Command. The plaintiff was serving on board a vessel in the Mediterranean Sea when, on January 18, 2005, he was informed that he was to be removed from his ship. He was subsequently taken off the ship and to the nearest European port, where he had to arrange transportation home to the United States. For some time, he was denied pay

and benefits, but was eventually restored to his position as an electronics technician.

According to the defendant, this incident involved a proposal by certain of the plaintiff's superiors that he be removed from federal employment for falsifying information on a form that the plaintiff had submitted as part of a security clearance investigation process.  On October 29, 2004, the plaintiff was notified that he had the opportunity to reply orally or in writing before any decision would be made  On December 20, 2004, the plaintiff and his counsel presented an oral reply to Kathleen Giacolone, the Director of the Personnel Operations Department, who decided that the plaintiff would not be removed from federal employment, but instead would receive a Letter of Caution not amounting to a disciplinary action.  The plaintiff was given the option of returning to duty, but chose to remain on leave without pay status for personal reasons.

II.  Procedural History

On October 20, 2005, the plaintiff submitted an administrative tort claim, asserting personal injury and claiming $90,000 as a result of the alleged actions of the defendant.  This claim was evidently denied.  On January 16, 2007, the plaintiff filed a complaint in this court, seeking damages in the amount of $350,000 for an alleged violation of the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA").  The defendant moved to dismiss on March 30, 2007, claiming that the claim is barred by the Civil Service Reform Act ("CSRA)", Pub. L. 95-454, 92 Stat. III (1978), which provides the exclusive remedy for claims relating to federal employment.  In the alternative, the defendant argues that the claim should be dismissed because it fails to state a valid claim under the Federal Tort Claims Act.

The plaintiff filed a response on April 16, 2007, to which the defendant replied on April 19, 2007.  The matter is therefore ripe for decision.

III.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any underlying jurisdictional allegations contained in the complaint.  See Lane v. David P. Jacobson & Co., 880 F. Supp. 1091, 1094 (E.D. Va. 1995).   If, as here, the motion attacks the truth of the underlying jurisdictional allegations in the complaint, then the court is not required to accept these allegations as true.  Thigpen v. United States, 400 F.2d 393, 396 (4th Cir. 1986).  The court may consider facts outside the complaint in order to determine whether the claim presented by the plaintiff may be brought under the FTCA.  See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

IV.  Analysis

Because the defendant challenges this court's jurisdiction over the subject matter involved in this claim, it is proper to determine whether such jurisdiction exists.  Because the court finds that it lacks subject matter jurisdiction over the plaintiff's claim, it declines to rule on whether the claim is subject to dismissal under Rule 12(b)(6).  The plaintiff complains that he was improperly forced to leave his ship because of problems concerning his employment.  However, it is clear that the Civil Service Reform Act provides the exclusive means by which federal employees may seek redress for non-discriminatory personnel actions connected with federal employment.  United States v. Fausto, 484 U.S. 439 (1988).  As the Court held in Fausto, the scheme established under the CSRA superseded any other remedy.  Id. at 448-49.  Some of the remedies provided by the CSRA include an appeal to the Merit Systems Protection Board

and judicial review by the Federal Circuit. See 5 U.S.C. §§ 7703(a)(1) and (b)(1). See also Bush v. Lucas, 462 U.S. 367, 388-90 (1983) (declining to augment by judicial remedy the CSRA, noting that it is "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations").

The plaintiff, in his response brief, argues that his claim is that of an intentional tort, in that he was intentionally removed from his ship against his will, and deprived of pay and other allowances. However, the fact that a plaintiff may not be satisfied with the remedies afforded to him via the CSRA does not permit him to file a lawsuit under the FTCA. "A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action." Nguyen v. United States Department of Defense, 39 F.3d 1178 (4th Cir. 1994) (unpublished) (citing Rollins v. Marsh, 937 F.2d 134, 139 (5th Cir. 1991)). This is, however, precisely what the plaintiff means to do. There is no doubt that his claim relates, at its core, to his employment by the defendant, an arm of the federal government. It is therefore immaterial that the plaintiff is alleging an intentional tort. Such claims–along with those arising out of negligence–when related to a plaintiff's federal employment relationship, are properly governed by the CSRA, and federal courts have repeatedly held that employees cannot avoid the statutorily-mandated remedial scheme of the CSRA by labeling their claims as otherwise. See, e.g., Rollins, 937 F.2d at 139; Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Premachadra v. United States, 739 F.2d 392, 394 (8th Cir. 1984).

V. Conclusion

Therefore, because the plaintiff's claim springs directly from his federal employment, and because the CSRA provides the exclusive remedy for such claims, this court is without

subject matter jurisdiction to decide the claim, and it must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).  The defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and the case is **DISMISSED.**  Consequently, the defendant's motion to dismiss for failure to state a claim for which relief can be granted is **MOOT**.

The Clerk is **REQUESTED** to send copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 29, 2007